## STATE *vs.* EUGENE COLE.

1. BURGLARY—EVIDENCE—POSSESSION OF STOLEN GOODS.

Where a dwelling is broken and entered into, and goods are stolen therefrom at the time, the finding of the goods soon after in the possession of a person is *prima facie* evidence of his commission of the breaking and entering, as well as the intent with which he did so.

2. INDICTMENT AND INFORMATION—TIME OF OFFENSE.

The date in an indictment is immaterial. All that is necessary is to prove that the offense was committed within the period of limitations prior to the finding of the indictment.

3. CRIMINAL LAW—"REASONABLE DOUBT."

The "reasonable doubt" of defendant's guilt, which, being entertained by the jury, should inure to his acquittal, is not a vague, fanciful, whimsical, or even possible doubt, but such a doubt as naturally arises out of the evidence, and may reasonably be entertained by men of ordinary intelligence, impartiality, and judgment, after a careful and conscientious consideration of all the evidence.

(*November* 15, 1910.)

Judges BOYCE and HASTINGS sitting.

*Eugene Hardesty* for the state.

(The prisoner was unrepresented by counsel.)

Court of General Sessions, New Castle County, November Term, 1910.

INDICTMENT (No. 25, November Term, 1910) FOR BREAKING AND ENTERING A DWELLING HOUSE IN THE NIGHTTIME WITH INTENT TO COMMIT LARCENY.

The case is stated in the charge to the jury.

HASTINGS, J., charging the jury:

Gentlemen of the jury:—Eugene Cole is charged in this indictment with having on the fourth day of October, in Wilmington hundred, this county, about the hour of 11 o'clock in the daytime, entered the dwelling house of Mary Santino, in which dwelling house certain goods, chattels, and other goods, being the subject of larceny, were then and there kept and deposited, and having taken the property of one Robert Dolly, said property consisting of several articles, among them being two umbrellas and a stick pin. The indictment complains of the commission of a statutory offense, which is twofold in its character: (1) The breaking and

entering of a dwelling house; (2) with the intent to commit larceny.

In order to convict the prisoner in manner and form in which he stands indicted, you must be satisfied beyond a reasonable doubt,(1) that he did feloniously break and enter into the dwelling house of the woman, Mary Santino; (2) that he did so break and enter with the intent to so commit larceny, that is, with the felonious intent to take and carry away the goods and chattels kept in said dwelling house with the intent of converting them to his own use, without the consent of the owner.

The state has not produced direct evidence of the alleged breaking and entering, but has introduced evidence to the effect that certain of the goods and chattels mentioned in the indictment were found, upon search made by the officer, in a room occupied by the defendant.

The prosecuting witness, Dolly, has identified the said goods so found in the possession of the defendant. The state relies upon this proof as *prima facie* evidence of the guilt of the prisoner in manner and form as he stands indicted, contending that his possession of said goods, in the absence of satisfactory explanation, raises the presumption that he did break and enter the said dwelling house with the intent to commit larceny.

It is a well recognized principle of law that when recently stolen property is found in the possession of a person, that person is presumed in law to be the one who stole it, unless he accounts satisfactorily to the jury for his possession of the property. This rule is uniformly applied to larceny cases in this state when the person charged was not seen in the act of committing the theft, but soon thereafter is found with the stolen goods in his possession.

Applying this rule to the evidence in this case, we say to you that where a dwelling house has been recently broken and entered into in which goods or chattels are kept or deposited, and such goods and chattels, or any part of them, are then and there stolen, the subsequent possession, soon thereafter, of such goods by a person, is *prima facie* evidence of the commission of the breaking and entering as well as of the intent for which such breaking and entering was committed—that is, that the possessor of such goods

is presumed to be the taker and therefore committed the whole crime, unless he satisfactorily accounts for the possession.

Now, whether the stolen goods, or any part of them, were found in the possession of the accused shortly after the commission of the alleged offense, is a question of fact to be determined by the jury from the evidence. And if they were so found, the jury may infer that they were stolen by the accused by means of his breaking and entering the place of the owner of such goods. If, however, you are satisfied from the evidence that they were found in his possession and he has satisfactorily explained how he came into the possession of them, you should neither find him guilty in this case of breaking and entering nor of the stealing.

We say to you that the state is not bound by the date alleged in the indictment. The date is immaterial, if it is proven to your satisfaction that the offense was committed within two years prior to the finding of this indictment.

If, upon the evidence in this case, you entertain a reasonable doubt as to the guilt of the accused, such a doubt should inure to his acquittal. By reasonable doubt is not meant a vague, fanciful, whimsical, or even a possible doubt, but such a doubt as naturally arises out of the evidence, and such a doubt as may reasonably be entertained by men of ordinary intelligence, impartiality and judgment, after a careful and conscientious consideration of all the evidence.

In this case, as in all others, the defendant is presumed to be innocent until every material part of the crime is proven to your satisfaction beyond a reasonable doubt as we have just stated.

Verdict, guilty.