## WILSON v. STATE.

[74 South. 657, Division A.]

1. CRIMINAL LAW. *Former jeopardy. Judgment in justice court.*

Where a defendant was convicted in a justice of the peace court for the unlawful sale of liquors under two affidavits charging sales on April 8th, and 10th, and appealed both cases to the circuit court and when the cases were called in the circuit court, the district attorney elected to try defendant on the affidavit of April 10th, and at the trial proceeded to introduce evidence of sale within a period of two years prior to April 10th, defendant could not object to such testimony on the ground that no evidence of sale prior to April 2, 1916, could be introduced by the state because the testimony as to sales during this particular time had already been introduced in the justice court on the trial of the affidavit dated April 8th and upon which evidence there was a conviction, since under Code 1906, section 87, on an appeal from the justice court the case is tried anew, as if there had never been a trial and such appeal vacates the judgment of the justice court.

2. JUSTICES OF THE PEACE. *De facto officers. Collateral attack.*

The acts of a *de facto officer* cannot be questioned by a person convicted of crime; but if the officer be holding two inconsistent offices at the same time, or be holding one office wrongfully, the remedy is to proceed by *quo warranto* and oust him from one or the other or both.

APPEAL from the circuit court of Holmes county.

HON. FRANK E. EVERETT, Judge.

F. S. Wilson was convicted of the unlawful sale of liquor and appeals.

The facts are fully stated in the opinion of the court.

*Elmore & Ruff,* for appellant.

It is to be remembered that the affidavit on trial charged a sale on April 10, 1916. The defendant was a negro without any attorney in the justice court and

though the circuit court nor the district attorney objected to the plea as being out of time, such an objection would not have been well taken had it been made. The defendant could not and did not know but that the state would rely upon sales between April 2nd and April 10th. On that event of course a plea of conviction under the April 2nd affidavit would have been futile. On our theory of the law governing this case it was never to be expected that the prosecution in the circuit court would rely on sales prior to April 2nd for conviction on the affidavit on trial.

As said in *King* v. *State,* 99 Miss. 27, "He (defendant) does not know what sales the state will attempt to prove nor by what witnesses."

As soon as the state disclosed its purpose to rely on sales made prior to April 1, 1916, the defendant asked leave of the court to file a plea showing his conviction in the justice court under an affidavit charging him with a sale on April 2, 1916, on the trial of which evidence to more than one sale was offered.

Another effort was made to avail of this defense at the close of the state's testimony, defendant having by then prepared a written plea of the defense. The order refusing leave to file the plea is on page 19 of the record. The defense sought to be set up was that the affidavit made on April 8, 1916, charged a sale made on April 2, 1916, and was tried in the justice court before the trial on the affidavit made on April 10, 1916, charging a sale on April 10, 1916; and that testimony for the state to several alleged sales was introduced on the trial of the April 2nd affidavit and that by reason thereof the defendant had been convicted of all sales about which testimony was being introduced in the circuit court.

The court stated that it was improper to allow a plea of this kind and that evidence in support of it would be incompetent; that both cases were then in the

circuit court on appeal for trial *de novo;* and that in the event of subsequent trial in the circuit court on the affidavit charging the sale on April 2nd the defendant could plead the proceedings on the April 10th, affidavit and obtain full protection.

We do not think this position correct and shall attempt to show its fallacy.

The circuit court was not sitting as a court of original jurisdiction in this case. It was exercising appellate jurisdiction which was in a sense derivative and dependent, in that its jurisdiction rested on the fact of the justice court having jurisdiction.

It is true that the case must have been tried anew; but that does not mean that there is a circuit court law and a justice of the peace law. Surely whatever evidence was admissible before the justice of the peace was as fully competent before the circuit court. Otherwise a case decided lawfully and rightly before the justice of the peace might lawfully and rightly on appeal be decided to the contrary in the circuit court, because evidence and pleas competent before the justice of the peace would be incompetent in the circuit court. Such statment seems to be in harmony with *Russell* v. *Moore,* 8 Smedes & M, 700.

That the plea sought to be interposed and the evidence to support it would have been competent on the trial of the April 10th affidavit in the justice court is too plain to argue.

We are entitled to this argument to assume the truthfulness of the defendant's proposed plea and thus assuming and considering the fact that every sale testified to in this record is located prior to April 2, 1916, it is plain that defendant was wrongfully convicted in the justice court on the April 10th affidavit. If the evidence in the record be true and defendant's plea be true it is plain that defendant was rightfully convicted on the April 8th affidavit charging the sale

on April 2nd. If the procedure adopted in the circuit court shall stand, we shall have a sort of judicial whirligig. The wrongful conviction in the justice court will be affirmed, and the rightful conviction in the justice court will be reversed.

Again if the action of the lower court be correct there are now two judgments of conviction rightfully rendered and both in force against the defendant, execution stayed on both by the defendant's bond, on exactly the same offense, the unlawful sale of whiskey prior to April 2, 1916. *Neely* v. *State,* 100 Miss. 211.

Because the cases are for trial anew on appeal to the circuit court does not affect the position contended for. What is the effect of the appeal to the circuit court from a judgment of a justice of the peace? Such an appeal merely suspends execution of the judgment pending the appeal. The appeal does not impair its validity or its binding force.

For application to the case in hand: The circuit court as to these cases was a court of appellate jurisdiction only. *Smithey* v. *State,* 93 Miss. 257. We contend that the peremptory instruction requested by defendant at the close of the state's evidence should have been granted.

This contention is based on the position that a mayor of a municipality cannot be authorized in virtue of his office as such mayor to discharge the judicial powers of a justice of the peace in the trial of state cases arising out of the alleged crimes committed within the municipality.

The reply to this is that section 3398 of the Code confers such power on the mayor. What exactly is the effect of this statute? Does the mayor by reason thereof hold two offices, that of justice of the peace and also that of mayor?

The effect of the statute, it is believed, is not to create another office. The mayor is not a justice of the

peace. He is still nothing more than a mayor with the duties of a mayor. As said in *State* v. *Armstrong,* 91 Miss. 517, "The statute . . . thereby annexed to his distinctive duties as mayor," incidental police duties. And as said in *Brown* v. *State,* 75 Miss. 845, "the functions of that office (justice of the Peace) are imposed by legislative will upon mayors of cities and towns. They are superimposed upon other functions of like character already possessed."

In a case similar in principal but considering different offices, the North Carolina court said: "It is not a case where one person holds two offices at the same time, but rather where the duties of a member of the county board of health are to be performed *Ex-Officio* by the chairman of the board of commissioners, the mayor and the superintendent of schools . . . the right to discharge such duties is not conferred upon them as individuals but is a part of the duties of the office already held by each." *McCullers* v. *Board,* Ann. Cas., 1913D., 509; *State* v. *Burke,* 57 So. 874.

That such power on the part of the legislature has been frequently supported by our supreme court is not sought to be denied. *Bell* v. *McKinney,* 63 Miss. 187; *Smith* v. *Jones,* 65 Miss. 276; *Heggie* v. *Stone,* 70 Miss. 39; *Nichols* v. *Kendrick,* 73 Miss. 711; *Washington* v. *State,* 93 Miss. 270. But it can positively be affirmed that section 2 of the Constitution in its application to such a situation was never considered or suggested if we may rely on the statements of fact, the reported briefs of the attorneys and the opinion of the court in the above cases. Such reports being of no use or purpose except to serve as memorials of the points raised and decided, and failing to find this point in either, we fairly conclude that in none of those cases was the point suggested to or decided by the court. We therefore do most earnestly insist that those cases are no authority against us on a point not considered or

thought of in them and therefore not decided by them. A case which does not discuss or decide a question can hardly be considered an authority on that question.

The contention we have just made against the use of those cases as authority on the question at issue is of course not original with us but is furnished us by the opinions of this court. *Whitehead* v. *Kirk,* 62 So. 435; *Simmons* v. *State,* 109 Miss. 614. The above cases announced a rule of almost every day application in the courts, a familiar rule, the application of which here leaves open for decision the question in argument.

We now contend that a justice of the peace is a part of the judicial department and that the trial of the misdemeanor prosecuted in the name of the state is the exercise of judicial power. This seems so obvious that we shall not argue the proposition, believing there can be no dispute about it.

Our next contention is that a mayor of the town is a part of the executive department and is such within the purview of section 2 of the Constitution. This is the undoubted holding of *State* v. *Armstrong,* 91 Miss. 513, where it is said that "the usual, ordinary and primary functions of a mayor of a city . . . . as strictly executive;" and that "the office of mayor of a munici-pality is a public office within the purview of this section."

We also refer the court to the opinion of the attorney-general contained on page 339 of the "Biennial Report of the Attorney-General of the State of Mississippi, from October, 1911, to June, 1913, inclusive." This was the opinion of the attorney-general after a re-examination of the question as is stated in the first line of the communication addressed to the governor; and was an official pronunciation of the exact problem now up for solution. The conclusion was the next and only step for reason and logic to take after the opinion in *Kierksy* v. *Kelly* and *State* v. *Armstrong.*

113 Miss.—48

It cannot be that the reference in the Armstrong case to "certain purely incidental police duties" annexed to the office of mayor by statute, contemplated the trial by the mayor of state prosecutions. Such interpretation would be contrary to the opinion as a whole. It does not mean that the Constitution may be substantially violated, Ex-officio duties of a mayor are of the nature of police duties and not judicial duties.

The authority to try violations of the town ordinances is referable to the duties of policing the town and is a police regulation. It is not "a part of the judicial power." *Shafer* v. *Mumma* (Md.), 79 Am. Dec. 655.

Nor is a justice of the peace or mayor who sits as a committing officer then exercising judicial power. He is simply a conservator of the peace, not to try, but to discharge or bind over for trial. A mayor may therefore exercise these kinds of police duty and not violate section 2 of the Constitution.

We therefore contend that the court erred in admitting evidence over the objection of defendant; in granting instructions for the state; in refusing to permit defendant to file his plea; and in refusing the peremptory instruction as requested.

*Earle N. Floyd,* Assistant Attorney-General for the State.

Appellant urges that his plea of *autrefois convict* should have been sustained in this case, and that the evidence of these prior sales should have been excluded. It might be well to state here that the evidence does not show any sale between April 8th, and April 10th, though it does show that after the trial, on April 8th, the appellant was found with several bottles of whiskey in his possession.

The question here presented has never been presented to this court before in exactly the same form, in so far as I am able to ascertain, but an alaysis of the facts show clearly that the circuit court was correct in

admitting the evidence offered in the case and in giving the instructions complained of. The appellant had been convicted twice before the justice of the peace and appealed both cases to the circuit court where, under the provisions of section 86 of the Code of 1906, the state appeals were to be tried absolutely *de novo*. It so happened that the case last tried before the justice of the peace was the first to be tried on appeal to the circuit court and the appellant sought to interpose his former conviction as a bar to any conviction in this case on the ground that evidence of sales within two years had been offered to sustain the first conviction before the justice of the peace and that no sales subsequent to the first conviction had been offered to sustain the second conviction.

When these cases were to be tried in the circuit court they were proceedings *de novo* as far as any evidence was concerned and the judgment of the justice of the peace was not only suspended, but was entirely dissolved for the time by the appeal. If the appellant had abided by the conviction in the first case before the justice of the peace, his plea of former conviction would have been a valid one, but when he appealed from both cases he cannot take advantage of his former conviction by interposing a plea of *autrefois convict* after he has dissolved the judgment in the case by an appeal to the circuit court, and consequently if in the circuit court the last conviction before the justice of the peace comes on first for trial the state may prove any sales occurring within two years previous to the date of the affidavit. I have no doubt but that the appellant on the trial of the second case would be able to interpose successfully a plea of former conviction and prevent the state from introducing evidence of sales prior thereto. In other words the state by electing to proceed on the case of April 10th would be estopped by the provisions of section 1762, Code of 1906, from proving the same sales

to support the case appealed from the affidavit of April 8th. There is no injustice in such a situation, because the appellant can be convicted but once on the evidence of sales occurring within two years prior to April 10th, and in view of the numerous sales testified to by the state's witnesses the appellant should feel that he was absolved from many violations of the law for which he might have been made to pay separate penalties. The trial court was absolutely correct in not allowing the plea offered in regard to the former conviction because as far as the procedure in this trial was concerned, the appeal in the former conviction made it of no avail to the appellant as a basis of such a plea. It would have been otherwise if the appellant had seen fit to stand on the other conviction, which he could have done, either by not appealing therefrom or else dismissing his appeal before the trial of this case.

The next of the alleged errors argued by the appellant was in regard to the admission of the testimony relative to finding whiskey in his possession on April 8th.

For the purpose of this case it may be admitted that the possession of this whiskey in itself would not have been sufficient to sustain the conviction independent of other evidence, but taken in connection with the evidence in regard to numerous sales it had its probative value and constitutes competent evidence. The appellant proceeds on the theory that the state should have been confined, in proving its case, to the evidence of any sales occurring between April 8th and April 10th, and that the mere finding of this whiskey was not sufficient evidence to sustain the conviction. The fallacy of this argument, however, is in assuming that the state was so limited in its proof, for, as stated above, the state could avail itself of any sales occurring within two years prior thereto, and the evidence in regard to finding this whiskey on April 8th, was

merely a small circumstance in upholding the state's case.

The instructions complained of are obviously correct and need no argument for their justification. The last of the alleged errors relates to the jurisdiction of the mayor to try this case as an *ex officio* justice of the peace, the appellant contending that under the Armstrong case, as well as the opinion of the attorney-general, that the mayor cannot act as a justice of the peace in such cases. This court is fairly familiar with this contention, it having been presented to it more than once within recent months. This contention may be answered briefly by saying that the mayor acting as *ex officio* justice of the peace, was a least a *de facto* officer irrespective of his ultimate rights to hold the office if questioned in a *quo warranto* proceeding by the state.

The defendant cannot complain as the state in its sovereign capacity is the only one who can question the right of an officer to exercise such an authority. Section 3473 of the Code of 1906, provides as follows:

"The official acts of any person in possession of a public office, and exercising the functions thereof, shall be valid and binding as official acts, in regard to all persons interested or affected thereby, whether such persons be lawfully entitled to hold the office or not, and whether such persons be lawfully qualified or not; but such person shall be liable to all the penalties imposed by law for usurping or unlawfully holding office, or for exercising the functions thereof without lawful right, or without being qualified according to law."

In construing the above statute this ocurt has many times denied the right of parties, other than the state, to question the title to office of one who is acting under color of title as in this case. *Altman & Co.* v. *Wall,* 71 So. 318; *Pringle* v. *State,* 67 So. 455, 108 Miss. 802.

Reviewing the case in its entirety the record shows that the evidence amply sustains the verdict that every right to which the appellant was entitled was accorded him on the trial.

HOLDEN, J., delivered the opinion of the court.

The appellant was convicted of the unlawful sale of liquor in Holmes county, and appeals here from the judgment of the circuit court sentencing him to fine and imprisonment.

It appears from the record that the appellant was charged with selling liquor on April 10, 1916, by affidavit in a justice of the peace court, and was tried and convicted in that court, from which conviction he appealed to the circuit court where he was again convicted by a jury in that court, and appeals from this conviction under the affidavit dated April 10, 1916. The record also shows that an affidavit dated April 8, 1916, was filed in the same justice of the peace court where a trial and conviction was had for selling liquor, and the appellant appealed from the justice court to the circuit court. Therefore it will be seen that both of these appeals from the justice court to the circuit court were pending at the same time in the circuit court. When the cases were called for trial the district attorney, with the consent of the court, elected to try the appellant upon the affidavit dated April 10th, and proceeded to trial thereon. He offered evidence for the state showing sales of liquor covering a period of two years prior to April 10, 1916. As soon as this evidence was offered and submitted by the state, the appellant, by his attorney, then and there moved the court for leave to file a plea setting up the contention that no inquiry could be made concerning any sales of liquor by the appellant prior to April 2, 1916, for the reason that the appellant had been tried and convicted in the

justice of the peace court on the affidavit dated April 8, 1916, and that at this justice trial and conviction the state had offered evidence showing several sales of liquor during the two years immediately prior to April 2, 1916, and that therefore under the statute permitting proof of sales for two years prior to the date of the affidavit no inquiry could again be made as to any sales during that particular time under the affidavit of April 10th, upon which the appellant was now being tried. The court overruled the motion, and denied the appellant the right to file such a plea. The appellant again renewed the motion at the close of the testimony for the state, which was again overruled by the court. When all of the testimony had been submitted to the jury the appellant was convicted of selling liquor within the two years back of April 10, 1916, the date of the affidavit upon which he was tried.

The appellant makes two contentions here for a reversal, which deserve consideration and discussion: First, whether or not the court erred in permitting the testimony, under the April 10th affidavit, as to sales of liquor prior to April 2, 1916, which sales had already been testified to under a different affidavit of April 8th at a different time, and upon which a conviction had been had, but appealed from to the circuit court. Second, whether or not the mayor and *ex officio* justice of the peace of district No. 5 of Holmes county, who was also mayor of Tchula, had jurisdiction to try this case.

As to the first proposition, it appears to us that after the two trials and convictions in the justice of the peace court upon the two affidavits, dated April 8th and April 10th, respectively, an appeal to the circuit court was taken in both cases, and when the two cases were pending for trial in the circuit court, they were to be tried *de novo*, in the same manner as if they had never been tried by a court before, and they should have been

treated, for all purposes, as if the two cases had been
first filed and started in the circuit court. It is true
that there had been a conviction upon both of the affi-
davits in the justice court, and judgment was there
entered, but when the appeal was prosecuted by the
appellant to the circuit court, the conviction and judg-
ment in the justice of the peace court was then and
there "stayed" and vacated, and could in no way at
any time affect the appellant, unless he, by his own
negligence, failed to prosecute his appeal in the cir-
cuit court, and by failing to prosecute his appeal it
would be dismissed and the conviction and judgment of
the justice of the peace court would be reinstated and
restored; but this could only happen through the neg-
ligence of the appellant or at his instance or by his own
conduct, for which he would be responsible, and about
which he could have no just complaint. Therefore,
when the two cases pending in the circuit court were
called for trial, if the appellant's contentions were
correct and he were permitted to plead that no evidence
of sales prior to April 2, 1916, could be introduced
by the state because the testimony as to the sales during
this particular time had already been introduced in the
justice court on the trial of the affidavit dated April
8th, and upon which evidence there was a conviction—if
this were a good plea, and the district attorney then
proceeded to try the charge under the affidavit dated
April 8th, and offered testimony showing sales from
April 8th, back two years, then the appellant may have
made the same complaint and objected to this testimony
under the April 8th affidavit, because when he was tried
in the justice court under the affidavit dated April 10th
the evidence of the sales for two years prior to April
10, 1916, was introduced and upon which there was a
conviction, and therefore no further inquiry under the
statute could be made as to those sales within that time
in the trial of the April 8th affidavit. It will be ob-

served that if the appellant could successfully invoke such a rule as this, then the sate would be practically shut off from prosecuting the appellant under either one of the affidavits in the circuit court. But we do not think that any such contention can be upheld upon any reasonable or legal ground.

When the two cases were called in the circuit court the district attorney had the right to elect which one he would try first; and, having elected to try the defendant on the affidavit dated April 10, 1916, he had a right to proceed under that affidavit and introduce testimony of any or all sales of liquor by the appellant for two years immediately preceding the date of this affidavit. After the state had submitted the testimony of sales covering the two years back of April 10, 1916, the appellant would have received his "immunity bath" covering a space of two years back of April 10, 1916. That being true, he would have no trouble in pleading this "certificate of immunity" for these two years and securing his discharge, when the affidavit dated April 8 was called for trial. For, of course under the April 8th affidavit no testimony could be again introduced by the state showing any sales by this appellant for a period of two years prior to April 10, 1916. In short, a conviction or acquittal under the April 10th affidavit here could undoubtedly be pleaded in bar of the prosecution under the affidavit of April 8th for sales two years back of that date. Therefore we do not hesitate to say that the action of the lower court in permitting the district attorney to proceed with the trial of the affidavit dated April 10th, and refusing to permit the appellant to plead a former inquiry as to sales two years back, and a conviction in a justice of the peace court, from which he had appealed, was eminently correct and proper.

Our statute (section 87), which grants appeals from the justice court to the circuit court is a remarkable

statute. Such appeals are not reviewed by the circuit court, but the case appealed is tried entirely anew, in the same manner as if the circuit court had original jurisdiction of the cause. The judgment, when appealed from, is no more a final judgment, because it is "stayed," and, in effect, is vacated, and can never be reinstated or restored, unless the appeal is dismissed with a writ of *procedendo* back to the justice court. But when the appeal reaches the circuit court in regular form, and is there pending for trial, for all intents and purposes, there is no former judgment in existence in that case, and the case is there to be tried anew as if for the first time. Whenever the aggrieved party who appeals to the circuit court fails or refuses to prosecute his appeal, he must suffer the consequences of a restored judgment in the justice court, which in some instances might work a hardship, but the blame for such would be upon the party causing it.

As to the second question, of whether or not the mayor of the town of Tchula, who was also a qualified *ex officio* justice of the peace, had jurisdiction to try the appellant on the affidavit, we think it is settled in this state that the acts of a *de facto* officer cannot be questioned by a person convicted of crime; but if the officer be holding two inconsistent offices at the same time, or be holding one office wrongfully, the remedy is to proceed by *quo warranto* and oust him from one or the other, or both. The appellant has no right to complain of the acts of this *de facto* officer. Section 3473, Code 1906; *Pringle* v. *State,* 108 Miss. 802, 67 So. 455; *Altman & Co.* v. *Wall,* 111 Miss. 198, 71 So. 318; *Powers* v. *State,* 83 Miss. 702, 36 So. 6.

The judgment of the lower court is affirmed.

*Affirmed.*