JOHN MONASTAKES, defendant below, plaintiff in error, *vs.* STATE OF DELAWARE, plaintiff below, defendant in error.

1.  CRIMINAL LAW—JURISDICTION OF MUNICIPAL COURT OF WILMINGTON FOR VIOLATIONS OF UNLAWFUL SALE OF NARCOTICS, STATED.

Municipal court of Wilmington has concurrent jurisdiction with Court of General Sessions of all violations of the Narcotic Drug Act, *Rev. Cod* 1915, § 3595, as amended by Act Feb. 24, 1919 (30 *Del. Laws, c.* 214), *Act April* 28, 1920 (31 *Del. Laws, c.* 61), and *Act March* 7, 1923 (33 *Del. Laws,* . 217), committed within city limits of Wilmington.

2.  INDICTMENT AND INFORMATION—STATE NOT BOUND TO PROVE PRECISE DATE LAID IN INDICTMENT.

State is not bound to prove precise date laid in indictment, it being sufficient if evidence showed alleged offense to have been committed at any time within period mentioned by applicable statute of limitations, if any.

3.  INDICTMENT AND INFORMATION—STATE MAY DEPART IN ITS PROOF FROM DATE OF OFFENSE AS ALLEGED IN INFORMATION.

In prosecution for violations of the Narcotic Drug Act, occurring on different dates, state was at liberty when case was before municipal court to depart in its proof from date as alleged in information filed in that court, and to offer in support of that information evidence of crime said to have been committed on other date.

4.  CRIMINAL LAW—DEFENDANT, CONVICTED FOR OFFENSE OCCURRING ON ONE DATE, NOT TRIABLE ON APPEAL FOR OFFENSE OCCURRING ON ANOTHER DATE.

Where defendant's violation of Narcotic Drug Act on different dates constituted two separate and distinct offenses, and by choice of state he was convicted in municipal court for violation occurring on date alleged in information, state could not, on defendant's appeal from conviction to Court of General Sessions, try defendant for offense occurring on another date for which he had never been tried and which appeal did not call up for review by retrial.

5.  CRIMINAL LAW—CASE ON APPEAL FROM JUSTICE OF PEACE TO SUPERIOR COURT MUST BE SAME AS WAS HEARD BELOW.

On appeal from a justice of peace to Superior Court, though hearing is *de novo,* case on appeal must be same that was heard below.

6. CRIMINAL LAW—IMMATERIAL WHAT RECORDS OF MUNICIPAL COURT SHOWED WITH RESPECT TO TWO INFORMATIONS FILED AGAINST DEFENDANT.

In prosecution for violations of Narcotic Drug Act, that defendant was not allowed to prove by municipal court records that two informa ions had been filed there charging sales on different dates, and that he was convicted on one, and that other was *nolle prossed*, did not constitute error, it being immaterial what records of municipal court showed with respect to such informations there filed against defendant.

*(November* 18, 1924.)

WOLCOTT, CH., PENNEWILL, C. J., RICE, HARRINGTON and RICHARDS, J. J., sitting.

*Ayres J. Stockley* for plaintiff in error.

*Sylvester D. Townsend, Jr.,* Attorney-General, and Aaron Finger, Deputy Attorney-General, for defendant in error.

Supreme Court, November Term, 1924.

Writ of Error to the Court of General Sessions, New Castle County.

John Monastakes, the plaintiff in error (hereinafter referred to as the defendant), was convicted and sentenced in the Court of General Sessions, for New Castle county, under an information filed in an appeal from the municipal court of the City of Wilmington charging him with having unlawfully sold a narcotic drug, to wit, heroin, to one Margaret Harding in violation of the provisions of *Paragraph* 3595, *c.* 100, *Revised Code* 1915, as amended by *Chapter.* 214, *vol.* 30, *Laws of Delaware, chapter* 61, *vol.* 31, *Laws of Delaware,* and *chapter* 217, *vol.* 33, *Laws of Delaware.* This writ of error is to review the proceedings of the Court of General Sessions.

[1] The municipal court of the City of Wilmington has concurrent jurisdiction with the Court of General Sessions of all violations of said act committed within the limits of the City of Wilmington. Proceedings were instituted against the defendant in the municipal court of the City of Wilmington, where an information was filed against him charging that he had on April 11, 1923, sold heroin to the prosecuting witness in the City of

Wilmington. The defendant was convicted in the municipal court and appealed to the Court of General Sessions as provided by the statute, where a new information was filed charging a sale to the prosecuting witness on April 11, 1923.

At the trial in the Court of General Sessions the state introduced evidence in support of the information showing a sale on the 11th, as charged. The record discloses evidence also of another sale to the same prosecuting witness three days later, to wit, April 14. The state announced at the trial of the appeal that it relied in support of the charge on the evidence showing the sale on the 14th, and the learned trial judge in his charge to the jury advised the jury as follows:

"I will say to you that while the information in this case which corresponds to the indictment sets forth an offense upon a certain date, the state is not bound by the date set forth in the indictment. It is sufficient if an offense is proved by the testimony within two years from the date in the indictment. While this is true, they are bound, however, by their testimony, and, as I understand the testimony in this case, it is admitted by the state that the sale for which they attempt to secure a conviction in this case occurred on the 14th day of April, of the present year."

The defendant excepted to this charge and objection to it constitutes his sixth assignment of error.

The defendant in his third assignment of error relies on the refusal of the trial court to grant his request that the jury be instructed "to disregard the evidence of the 14th as a part of the charge."

Other assignments of error are directed to aspects of the same question as is presented in the sixth and third assignments, and are therefore not specifically noted.

The second assignment of error complains that the defendant was not allowed to prove by the records of the municipal court that two informations had been filed in that court charging respectively sales made on the 11th and 14th of April, that the defendant was tried and convicted upon the one charging a sale on the 11th and that to the one charging a sale on the 14th the state entered a *nolle prosequi*.

WOLCOTT, CH., delivering the opinion of the majority of the court:

Of the points raised by the argument we deem it necessary to notice only those that are suggested by the sixth, third, and second assignments of error referred to in the preceding statement of facts.

First, as to the sixth and third assignments of error, we are constrained to hold them well taken. If a man is charged with having committed two crimes and is tried and convicted for one, may he on appeal from that conviction be tried and convicted for the other? That is the question which the sixth and third assignments of error call upon us to answer.

[2-4] It has been repeatedly held in this state as well as elsewhere that in a criminal prosecution the state is not bound to prove the precise date laid in the indictment, it being sufficient if the evidence shows the alleged offense to have been committed at any time within the period mentioned by the applicable statute of limitations if any. This rule, however, whenever announced in this state has invariably been so announced in the court of original jurisdiction and applied to the case at the stage of its trial in the first instance. No precedent other than the one now on review can be found in this state nor, so far as our investigation shows, elsewhere where the rule has been applied under such circumstances as are here found at the second trial of a case when it comes on for retrial upon an appeal. We think that the state was at liberty when the case was before the municipal court to depart in its proof from the date of the 11th as alleged in the information filed in that court and to offer in support of that information in that court evidence of the crime said to have been committed on the 14th. It did not do this, however. It presented evidence in that court solely with respect to the transaction of the 11th. The record shows that there were two separate and distinct offenses. The offenses were differentiated not alone by the respective dates, but as well by the presence of different sets of witnesses as to each. The distinct identity of the two criminal transactions is plainly

disclosed by the record here. While as before stated the naming of the date of the alleged offense in the information filed in the municipal court as the 11th could not have the effect of confining the state at the trial in that court to the transaction actually occurring on that date but would have permitted a showing of the transaction on the 14th, yet when the state elected to present the transaction of the 11th in support of the information in the municipal court we think it exhausted its right under the general rule to elect which of the two transactions it would rely on. By the choice of the state the defendant was convicted in the municipal court for a criminal transaction occurring on April 11th. The defendant appealed from this conviction to the Court of General Sessions and then found himself being tried for the distinct offense of the 14th, an offense for which he had never been tried and which the appeal therefore could not in reason be said to have called up for review by retrial.

[5]  In *Donaghy v. State*, 6 *Boyce* 467, 100 *Atl.* 696, this court said that, "speaking generally an appeal effects a removal of the cause to another tribunal and involves a hearing *de novo* on both facts and law." In that case the court observed that appeals from the judgments of the municipal court of the City of Wilmington are heard *de novo* in the Court of General Sessions as appeals to the Superior Court from a justice of the peace are heard. On appeals from a justice of the peace to the Superior Court, the rule appears to be well settled that though the hearing is *de novo*, yet the case on appeal must be the same case that was heard below. *Norton v. Janvier*, 5 *Harr.* 346; *Lord v. Townsend*, 5 *Harr.* 457; *Dominick v. Harmony Talking Machine Co.*, 4 *Boyce* 293; 88 *Atl.* 468. We discover nothing in reason which would make this rule prevailing in civil appeals inapplicable in criminal appeals. Indeed, while this court in the Donaghy Case, *supra*, did not in terms adopt for criminal appeals the analogy of the rule in civil appeals which requires the identity of the cause of action above to correspond with that below, yet the opinion filed in that case at its appropriate points proceeds upon the conception that the rule is the same in criminal as in civil appeals. If there is to be any

difference in procedure between the two it would seem that inasmuch as the liberty of the accused in the criminal case is more valuable than the money of the defendant in the civil action, the former ought in reason to suggest more forcefully than the latter that on trial of an appeal the case should be the same as was tried below. We do not mean to say that the evidence above must be the same as was introduced below. The transaction or act charged to have been done by the defendant must, however, be the same in the appellate tribunal as that charged in the lower. *Commonwealth v. Blood*, 4 *Gray (Mass.)* 31; *Commonwealth v., Crawford*, 9 *Gray (Mass.)* 131; *Commonwealth v. Phelps*, 11 *Gray (Mass.)* 72; *Commonwealth v. Hogan*, 11 *Gray (Mass.)* 313; *Commonwealth v. Dressel*, 110 *Mass.* 102; *Marre v. State*, 36 *Ark.* 222. The case of *Wilson v. State*, 113 *Miss.* 748, 74 *So.* 657, is cited in support of the contrary of this proposition. As we understand that case, however, we do not conceive it to be so. Nor do we conceive that the fact that in Massachusetts the trial above is had upon the record sent up by the court below, whereas in this state an information is filed in the appellate court based on a transcript sent up by the court below, can have the effect of rendering the cases above cited from Massachusetts inapplicable upon the proposition for which we have cited them.

In *Commonwealth v. Blood, supra*, the court said:

"If the government can, on the trial of an appeal be permitted to abandon the original offense charged, and on which the accused party was tried before the magistrate, and substitute another and distinct offense in its place, and support it by proof, it is obvious that the right of appeal, which was intended solely as a benefit and privilege to the party charged, might often be converted into a burden and a snare."

The defect which inheres in this record has been occasioned by an over-emphasis upon the general rule which allows the state to depart from the date alleged in the indictment or information. The point presented by the exceptions is not so much concerned with that rule as it is with the question of identity of offenses in the two courts. The date in this connection is of significance only as an identifying circumstance tending to show that the two offenses were distinct. The record discloses other features of evidence

which together with the two dates unmistakably demonstrate that there were two alleged offenses separate and distinct from each other, and that the defendant was convicted below in the municipal court for the commission of one, appealed to the Court of General Sessions from said conviction, and in that court was convicted of the other. That is what in fact took place. The general rule which refuses to restrict the state's proof of a crime to the precise date on which the indictment or information charges it to have been committed, cannot have the effect of justifying a departure on appeal from the transaction which was prosecuted below. The state made its election of what particular offense it would complain against in the court of first instance. It could have relied in that court on the sale of the 14th in support of the information charging the 11th and in the appellate court, even though the information there charged the date to be the 11th, it would have been permitted to show the transaction of the 14th. If such had been the situation the general rule as to dates would have saved the state's case from objection because the substance of the matter, that is, the identity of the transaction, would have remained the same. So also, if the record before us failed to disclose that the conviction in the municipal court was for the offense of the 11th, we would, because of the general rule as to immateriality of date, be compelled to say that the conviction in the Court of General Sessions for the offense of the 14th was not erroneous, notwithstanding the information in that court as well as the lower court named the 11th, because in such case, inasmuch as the municipal court could properly have received evidence of the transaction of the 14th in support of the information charging the 11th, it would be improper, the record being silent, to presume that the transaction of the 11th was in fact tried. *Commonwealth v. Hogan, supra.* But there is no silence in this record which permits us to indulge in presumptions as to what was done in the municipal court. The record as before stated clearly shows that two different offenses were tried in the two courts.

[6] As to the second assignment of error, we think it without merit. It was immaterial under the facts of this case what the

records of the municipal court showed with respect to the two informations there filed against the defendant. The only thing the defendant could be permitted to show with respect to the proceedings in the municipal court was that he was there tried for an offense different in identity from the one he was then being tried for in the Court of General Sessions on appeal. The two informations in the municipal court could throw no light on that question, because though the one charging a sale on the 14th was nolle prossed yet the particular sale which it charged may, so far as the bare record of the information would show, have been proved to support the information charging a sale on the 11th.

The judgment below will be reversed.

PENNEWILL, C. J., because of illness did not participate in the decision of this case. Richards, J., dissented.