# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                        )
                        )     ID No. 1911017065
     v.                  )
                        )
                        )
TREVOR K. BROWN,      )
                        )
     Defendant.        )

Submitted: June 13, 2022

Decided:  June 16, 2022

*Upon Defendant's Motion for Dismissal*

**GRANTED**

## MEMORANDUM OPINION AND ORDER

Michael R. Abram, Esquire, Abram & Hutchinson, 120 South Bedford Street, Georgetown, DE 19947; Attorney for Defendant.

Angelica S. Endres, Esquire, Deputy Attorney General, Department of Justice, 13 The Circle, Georgetown, DE 19947; Attorney for State of Delaware.

**KARSNITZ, R. J.**

I write to expand on my comments made from the bench on Monday, June 13, 2022 when I granted the motion of Trevor K. Brown ("Defendant") to dismiss the charges the State of Delaware (the "State") had filed against him (the "Motion"). At the time I granted the Motion we had a jury waiting for us who had heard the State's entire case. The State presented the alleged victim, John Klein ("Mr. Klein") who testified that jewelry he had stored in a safe in his home in Rehoboth Beach had gone missing. He first noticed the missing jewelry on November 24, 2019. He also testified that Defendant may have had access to the safe.

Also testifying for the State were two State Troopers who had been assigned to investigate the case. One officer testified to fingerprint evidence which showed Defendant's fingerprints on several of the boxes which had held the jewelry. That officer also testified without objection to her use of a computer program which showed to her transactions at pawn shops in the Dover area in which Defendant and his brother pawned items of jewelry in the spring and summer of 2019. The other officer testified that he retrieved some of the pawned items.

Of import, Mr. Klein testified that the jewelry was in Virginia until October, 2019 when he moved to Rehoboth Beach. For some period prior to the move, Mr.

Klein kept the jewelry in a locked bag.  Mr. Klein also testified that the jewelry was present in October, 2019, but not on November 24, 2019.

The Information filed in this case, as amended as late as June 13, 2022, alleged that the theft over $1,500 occurred "…on or about November 28, 2019… ." At the close of the State's case, Defendant moved to dismiss the charge.  He made two arguments.

**The Information**

First, Defendant argued that the Information was defective.  No evidence was presented to prove specifically when the theft(s) occurred.  Accepting the evidence at this point in a light most favorable to the State, the theft must have occurred prior to November 24, 2022 when Mr. Klein noticed that the jewelry was missing.  When the theft occurred before that date we do not know; but the State's evidence showed pawned jewelry from April 2019 up until September 2019.  These dates are not even close to November 28, 2019 as alleged in the Information.

I found merit in this argument.  The State had the opportunity to amend the Information to include a range of dates.[1]  Indeed, I would have allowed the State to

---

[1] Super. Ct. Crim. R. 7(e) grants me the authority to amend an Information at any time before the verdict so long as so long as (1) "no new, additional, or different charge is made" and (2) "the accused will not suffer prejudice to substantial rights." *O'Neil v. State,* 691 A.2d 50, 55 (Del.1997); *Robinson v. State,* 600 A.2d 356, 359 (Del.1991). Further, amendment of the specific date of the charged offense in the indictment is permitted if "the date alleged in an indictment is immaterial [and] ... the date is not an essential part of the crime." *State v. Blendt,* 120 A.2d 321,

2

so amend the Information on the day of trial, but it did not so request. The State often does this in cases charging sex offenses where minor victims cannot give anything but date ranges.[2] Here it chose to pick a specific date – November 28, 2019. For me, Defendant is entitled to rely upon the date alleged in the Information and prepare his defense accordingly. Defendant argued, and I agreed, that he would be prejudiced by allowing greatly expanded dates at this point in the proceedings.

The Superior Court Criminal Rules set out the required contents of an Information.[3] Delaware Courts have consistently held that the purpose of an Information is twofold. First, it puts the defendant on full notice of the offense with which he is charged to allow him to defend against the charge. Second, it effectively precludes subsequent prosecution for the same offense.[4] If an Indictment fails to include such information and the defendant's substantial rights are prejudiced, the Information is deficient and should be dismissed.[5] The defendant bears the burden of establishing that the Information failed to impart actual notice to him and thus resulted in actual prejudice in presenting a defense.[6]

---

322 (Del.Super.1956); *State v. Cole,* 2 Boyce 184, 25 Del. 184, 78 A. 1025, 1026 (Del. Gen. Sess. 1910).

[2] *See*, e.g., *State v. Gardner*, 1993 WL 393039 (Del. Super. Aug. 24, 1993).

[3] Super. Ct. Crim. R. 7(c).

[4] *Malloy v. State*, 462 A.2d 1088, 1092 (Del. 1983).

[5] *Harley v. State,* 534 A.2d 255, 256-257 (Del. 1987); *State v. Riley,* 256 A.2d 273, 275 (Del. Super. 1969); *State v. Blendt* at 322-323 (1956).

[6] *Malloy v. State* at 1093.

The cases give some leeway in alleging dates in an Information, but not more than seven months as the evidence showed here. In *Monastakes v. State*,[7] the Delaware Supreme Court stated the general rule:

> It has been repeatedly held in this state as well as elsewhere that in a criminal prosecution the state is not bound to prove the precise date laid in the indictment, it being sufficient if the evidence shows the alleged offense to have been committed at any time within the period mentioned by the applicable statute of limitations if any.[8]

In that case the Information had originally charged a drug sale on April 11, 1923 and another drug sale on April 14, 1923. The State *nolle prossed* the April 14th charge, leaving only the April 11th charge in the Information. However, all the evidence at trial proved the April 14th charge, and none related to the April 11th charge. The trial court gave the following instruction to the jury:

> I will say to you that while the information in this case which corresponds to the indictment sets forth an offense upon a certain date, the state is not bound by the date set forth in the indictment. It is sufficient if an offense is proved by the testimony within two years from the date in the indictment. While this is true, they are bound, however, by their testimony, and, as I understand the testimony in this case, it is admitted by the state that the sale for which they attempt to secure a conviction in this case occurred on the 14th day of April of the present year.[9]

---

[7] 2 W.W. Harr. 549, 32 Del. 549, 127 A. 153 (1924).
[8] *Id.* at 550.
[9] *Id.* at 549-550.

4

The Supreme Court reversed the defendant's conviction below, stating that, at trial, the State could have departed from its proof of the April 11th charge as stated in the Information and offered proof of the April 14th charge, but it chose instead to *nolle prosse* the April 14th charge. Yet the evidence related only to the April 14th charge. Thus, the State had exhausted its right under the general rule to elect which of the two dates to rely on, to the defendant's prejudice.

In *Sudler v. State*,[10] the Indictment charged the defendant with unlawful sexual assault in the first degree on a minor child on three separate occasions "on or about the months of September and October, 1986." Appealing his conviction, the defendant argued that the date alleged in the Indictment was not established by sufficient evidence at trial because of the victim's vague recollections of the dates of the alleged offenses. He argued that the alleged contact with the victim had occurred before July 9, 1986, the effective date of the statute under which he was charged, and that under the prior statute he would have been charged with a different, lesser offense carrying a substantially different penalty. The evidence showed that the alleged offenses occurred when the victim's mother was at work at a potato farm and the girl was alone, and that the potato farm work was done in September and October of 1986. The Supreme Court rejected the defendant's

---

[10] 565 A.2d 280 (Del. 1989) (Table).

5

argument and affirmed his conviction. In the instant case, however, no such range of dates was stated in the Information – only November 28, 2019.

In *Dahl v. State*,[11] the original Indictment charged the defendant with loitering by a sex offender within 500 feet of a school on Saturday, May 16, 2005. The defendant had a good alibi for that date – he was at home. On the first day of trial, the State amended the Indictment to state that the alleged offense occurred "during a Saturday during the months of April or May, 2005." Appealing his conviction, and although he had not objected to the Indictment at trial, the defendant argued that he did not have adequate time to prepare an alibi defense for Saturdays in April and other Saturdays in May, 2005. The State argued that the specific date of loitering was irrelevant as there was evidence of the defendant's loitering on more than one Saturday over a period of several weeks. The Supreme Court found the record insufficient to support the defendant's claim of prejudice resulting from the amendment to the indictment. However, this case is distinguishable, because in the instant case the State did not amend the Information to state a broader range of dates, and in *Dahl* the Supreme Court did not state what it would have held in such a case.

---

[11] 926 A.2d 1977 (Del. 2007).

In *State v. Husser*,[12] the defendant filed a motion for a bill of particulars which requested the State to produce specific times and dates of two Menacing charges where the Indictment stated that the offenses occurred "on or about the 1st day of March, 1990." The State responded stating that the offenses occurred "some evening in February of 1990." The defendant then moved to dismiss the charges as non-specific. The Court denied the motion, stating:

> One question before this Court is whether or not the date of the alleged offense is an essential fact of the crime which must be included in a valid indictment. Delaware Courts have repeatedly held that the date alleged in an indictment is immaterial where the date is not an essential element of the crime, if it is proven to the satisfaction of the trier of fact that the offense was committed within the period of limitations. Additionally, State Courts have liberally allowed amendment of the dates contained in an indictment, believing such changes to be one of form and not substance so long as the defendant's substantial rights were not prejudiced. [Citations omitted][13]

Again, this case is distinguishable from the instant case. First, the defendant moved for a bill of particulars, which Defendant did not do here. Second, the State effectively amended the Indictment to include a broader range of dates, of which it provided notice to the defendant. Third, in the instant case Defendant's rights were prejudiced.

---

[12] 1990 WL 161226 (Del. Super. Oct. 12, 1990).
[13] *Id*. at *2.

7

**Jurisdiction**

Second, Defendant argued that any thefts alleged to have occurred before October, 2019, must have occurred in Virginia, since Mr. Klein testified that is where the jewelry was until October, 2019. Thus, according to Defendant, I had no jurisdiction over those alleged thefts. The State acknowledged that the evidence it presented of Defendant or his brother selling stolen property to pawnshops in Dover supported alleged thefts that must have occurred in Virginia, outside our jurisdiction.[14] The State argued that evidence of the out of state thefts should be admissible in this trial to prove a common scheme.[15]

I also found merit in this argument by Defendant. It is questionable in my mind whether the evidence here would have survived the analysis required by *Getz v. State*.[16] In my mind, the use of the evidence outside our jurisdiction is coupled with minimal evidence of any other offense. My recollection of the evidence is that Mr. Klein testified that other jewelry was missing, and little else; thin gruel, indeed, to support any additional theft charges. Given the fact that the State now acknowledges that the alleged thefts, supported by evidence that Defendant or his brother pawned the jewelry in Delaware, occurred elsewhere, and the paucity of

---

[14] Defendant was originally charged with offenses related to selling stolen jewelry to a pawn shop in Delaware, but those charges were dismissed by the State before trial.
[15] D.R.E. 404(b)(2).
[16] 538 A.2d 726 (Del. 1988).

evidence to prove any other crimes in Delaware, I dismissed the charge on jurisdictional grounds and for lack of evidence as well.

For the foregoing reasons, I **HAVE GRANTED** Defendant Trevor K. Brown's Motion for Dismissal.

**IT IS SO ORDERED.**

_____
/s/Craig A. Karsnitz


cc:     Prothonotary