STATE OF MISSISSIPPI EX REL. ROBERT V. FLETCHER, ATTOR-
NEY-GENERAL, v. JAMES M. ARMSTRONG.

[44 South., 809.]

CONSTITUTIONAL LAW. *Constitution* 1890, § 2. *Incompatible officers.*
*Acceptance.*

The executive office of mayor of a municipality and the judicial
office of justice of the peace are incompatible and cannot be held
by the same person at the same time, and the acceptance of the
office of mayor by a justice of the peace is itself a vacation by
him of the judicial office, under constitution 1890, § 2, regulating
the subject.

FROM the circuit court of Lawrence county.

HON. ROBERT L. BULLARD, Judge.

The state, on the relation of the attorney-general, appellant,
was plaintiff in the court below; Armstrong, appellee, was
defendant there. From a judgment sustaining defendant's
demurrer to plaintiff's petition for a *quo warranto* and dismiss-
ing the suit plaintiff appealed to the supreme court.

The petition was filed for the purpose of ousting appellee,
Armstrong, from the office of justice of the peace in and for
the county of Lawrence, he having pending his term of office
as a justice of the peace, been elected to and qualified as mayor
of the town of Silver Creek in said county.

*R. V. Fletcher,* attorney-general, for appellant.

The two offices, mayor of a municipality and justice of the
peace, are incompatible at common law and under Constitu-
tion 1890, § 2.

In *Kiersky* v. *Kelly,* 80 Miss., 803, this court decided that
the office of mayor of a municipality is a public one under the
authority of the state. The office of the justice of the peace is
also a public office. It is a well settled rule of common law

91 Miss.—33

that if any person, while occupying one public office, accepts another, incompatible with the first, he thereby vacates the first office, and his title thereto is terminated. Meachem on Public Officers, § 420. The test of incompatibility is, whether there is some inherent inconsistency in the nature of the duties of the two offices, so that both cannot be administered by the same person. It is apparent that instances will readily occur wherein there may be a conflict between the justice of the peace, as a constitutional officer of the state, and the mayor, as a municipal officer.

Aside from the common law, a casual consideration of § 2, of the state Constitution, will show that under the Constitution appellee cannot hold the two offices at the same time. The mayor of a municipality is an executive, not a judicial, officer. 2 Abbott's Municipal Corporations, § 570. Code 1906, § 377, provides that, " The mayor shall preside at all meetings of the board of aldermen; and in case there be an equal division, he shall give the deciding vote. He shall have the superintending control of all the officers and affairs of the municipality, and shall take care that the laws and ordinances are executed." A comparison of the language of this section with the provisions of law defining the duties of the governor of the state, our chief executive, will show that the above designated duties of the mayor are those pertaining to executive functions.

*G. Wood Magee,* for appellee.

The mayor of a municipality is also, *ex-officio,* a justice of the peace. Under Code 1906, § 3399, his authority is identical with that of the justice of the peace, within the corporate limits of his municipality. *Nickles* v. *Kendricks,* 73 Miss., 711.

Section 1 of the Mississippi Constitution divides the government into three departments, legislative, judicial and executive. Section 2 thereof declares that no person, or collection of persons, being one or belonging to one of these departments, shall

exercise the power properly belonging to either of the others. It is true, that this court in *Kierskey* v. *Kelly,* 80 Miss., 803, has declared a municipal office to be a public office; but the office of mayor of a municipality and that of justice of the peace under the state law are not offices belonging respectively to the different departments of the state.

Code 1906, § 3399, providing that a mayor may be police justice, would indicate that the office of a mayor is judicial. The duties of the mayor of a municipality and of a justice of the peace are not incompatible; and it is no violation of § 2 of the state Constitution for the same person to hold both offices at the same time. 19 Am. & Eng. Ency. of Law, 408; *State ex rel. Plat* v. *Kirk,* 15 Am. Rep., 239; *Horace* v. *Shoemaker,* 35 Ind., 111; *Waldo* v. *Wallace,* 12 Ind., 569; Dillon on Municipal Corporations, § 33; *People* v. *Hurlburt,* 9 Am. Rep., 103.

*A. C. & J. W. McNair,* on the same side.

Section 2 of the state Constitution applies alone to state offices, not to a case like this, where one judicial office is held under the state, and the other under a municipality.

As mayor of the town of Silver Creek, the appellee, Armstrong, is, *ex-officio,* a justice of the peace in and for the corporate limits of the municipality, and, in a sense and for many purposes, may be a justice of the peace for the county. *Nickles* v. *Kendricks,* 73 Miss., 711; *Smith* v. *Jones,* 65 Miss., 276.

There is no inconsistency between the office of a justice of the peace of the county and that of a mayor of a municipality. *State* v. *Goff,* 15 R. I., 505; *People* v. *Green,* 58 N. Y., 295; *Com.* v. *Northumberland County,* 4 Serg., 275; *State ex rel. Murphy* v. *Townsend,* 72 Ark., 180.

WHITFIELD, C. J., delivered the opinion of the court.

This is an appeal by the state from the circuit court of

Lawrence county. The action was brought by the attorney-general for the purpose of ousting appellee from the office of justice of the peace. The petition recites that appellee was regularly elected a justice of the peace and is now discharging the duties of that office; that subsequently he was elected mayor of the town of Silver Creek, and accepted this office, and entered upon the discharge of its duties; and the contention of the state is that the two offices, justice of the peace and mayor of the town, are incompatible, and for that reason, and also under the constitutional provision (§ 2 of the Constitution of the state of Mississippi), the action of the appellee in accepting the office of mayor vacated that of justice of the peace. A demurrer was filed to the petition and sustained by the court below, and final judgment rendered dismissing the suit.

Section 2 of the Constitution is in the following words:

" No person or collection of persons, being one or belonging to one of these departments, shall exercise any power properly belonging to either of the others. The acceptance of an office in either of said departments shall, of itself, and at once, vacate any and all offices held by the person so accepting in either of the other departments."

The office of mayor of a municipality is a public office within the purview of this section, as held in *Kierskey* v. *Kelly,* 80 Miss., 803; 31 South., 901. There are many instances which will readily occur in which the exercise of the functions of these offices would be antagonistic and inconsistent with each other, and for that reason alone the demurrer should have been overruled; but we think it should have been overruled when § 2 as applied to the facts of this case is properly understood. The question here is not so much whether the functions of the office of justice of the peace, which are judicial, are inconsistent with those incidental judicial functions which a mayor of a city may exercise as an *ex-officio* justice of the peace under § 3399, Code of 1906, as whether the functions of a justice of the peace, which are strictly judiciary, are in-

consistent with the usual, ordinary, and primary functions of a mayor of a city, which are strictly executive. The mere fact that the statute makes a mayor *ex-officio* justice of the peace, in certain cases, and thereby annexes to his distinctive duties as mayor, an executive office, certain purely incidental police duties, does not alter the paramount fact that the mayor of a town is, under the general law, distinctly an executive officer. All the judicial powers which he may, as an *ex-officio* justice of the peace, exercise, are incidental, and not primary. See Code of 1906, § 3377; 2 Abbott's Municipal Corporations, § 570, where it is said at the close: " In some states he [the mayor] is authorized to arrest and try offenders against certain ordinances passed by virtue of the police power. In these cases it has been held that the exercise of the power does not make him a part of the judiciary. The act is but an exercise of the police power." We do not think the authorities cited by the learned counsel for the appellee directly in point in this case.

We think there was error in the judgment of the court, and that judgment is *reversed,* and the demurrer overruled, and the cause *remanded.*