## B. ALTMAN & COMPANY *v.* WALL.

### [71 South. 318.]

JUSTICES OF THE PEACE. ·*De facto officer.* *Validity of attachment. Statute.*

Under Code 1906, section 3473, making the official acts of a person in possession of a public office, and exercising the functions thereof, valid and binding as official acts in regard to all persons interested in or affected thereby, whether such person be lawfully entitled to hold the office or not, an attachment issued by a mayor of a town, who after qualifying as deputy sheriff of the county, exercised the duties of mayor and *ex officio* justice of the peace until his term of office as mayor expired, was valid notwithstanding the Constitution 1890, article 1, section 2, provides that no person belonging to one department of government shall exercise any power belonging to either of the others, and that acceptance of an office in a department shall vacate all offices held by the person so accepting in any other department.

APPEAL from the circuit of Panola county.

HON. N. A. TAYLOR, Judge.

Suit by B. Altman & Co. against Mrs. W. D. Wall. From an order sustaining defendants motion to quash a writ of attachment, plaintiff appeals.

This is an appeal from an order of the circuit court sustaining a motion to quash a writ of attachment. The motion alleges that the mayor of the town, who acted as *ex officio* justice of the peace at the trial of the case, was at the time of the issuance of the writ of attachment a deputy sheriff of the county, and that the acceptance of the latter office, which belonged to the executive department of the state, forfeited his office as a justice of the peace, which belonged to the judicial department.

*Geo. M. Johnson,* for appellant.

From the agreed statement of facts here before this court it is shown that the said T. J. Taylor was in law-

ful possession of the office of mayor of Sardis and dis-
charged all the duties of said office during the full term
and only surrendered this office to his successor and that
during his term of office this attachment was issued and
tried before him as mayor and *ex officio* justice of the
peace. Such being the case his acts as between third
parties are held to be valid as a *de facto* officer. (Sec-
tion 3473, Code 1906.)

Could the said T. J. Taylor be an usurper of the office
of mayor of town of Sardis and *ex officio* justice of the
peace? It is the contention of the appellant that under
the agreed statement of facts here before the court, that
he could not be an usurper for an usurper of an office
has been defined as one holding an office without even
color of title. 8 Words and Phrases, page 7246 and
cases cited thereunder.

The courts have held that an officer legally elected and
qualified who enters upon the duties of his office and
afterwards accept another office, but in good faith con-
tinues to publicly discharge the duties of the first office,
his term of office not having expired and no successor
having been appointed or elected nor any adjudication
against his title, is an officer *de facto*. (Words and
Phrases, page 1848, citing *Oliver* v. *Jersey City*, 44 Atl.
709-711, 63 N. J. Law 634, 48 L. R. A. 412, 76 Am. St.
Rep. 228.)

*L. L. Pearson,* for appellee.

Upon the facts, two questions are presented for the
consideration of this honorable court: (1) Did the ac-
ceptance by Taylor of the office of deputy sheriff vacate
the office of mayor and *ex officio* justice of the peace,
which office he had been holding and was entitled to hold
rightfully and lawfully at the time he accepted, quali-
fied, and entered upon the duties of the office of deputy
sheriff?

(2) If the acceptance of the office of deputy sheriff by
Taylor did in law vacate the office of mayor and *ex*

*officio* justice of the peace, which he had prior to that time rightfully and lawfully held, then could he any longer exercise any power properly belonging to the duties of a justice of the peace, so as to give to his acts in the premises any force or effect whatever, or would not any such acts so performed be of no effect and absolutely void?

I contend that under the facts of this case, the duties and functions of the two offices make them incompatible, both under the common law and under the constitutional provision. *State* v. *Armstrong,* 91 Miss. 513.

It would be useless to argue, or cite authorities to support the contention that the acceptance by a person of a second office, the duties and functions of which are incompatible with an office then being held, operates in law to vacate the first office, and that therefore, such person can, after the acceptance of the second office, only be held to be rightfully and lawfully in the possession of that office alone. 29 Cyc., 1382, and long list of authorities there cited. *State* v. *Armstrong, supra.* (See also last paragraph of section 2, of Constitution, 1890, which is as follows: "The acceptance of an office in either of said departments shall, of itself, and at once, vacate any and all other offices held by the person so accepting in either of the other departments.")

It is the duties and functions of an office—the powers that must be exercised and the acts that must be performed by its incumbent—that distinguishes it and separates the office to the proper department of the government. More than this, under the constitutional provisions, two offices held by the same persons, are made incompatible by the mere fact that in the exercise of the functions and duties of both offices, he must at times exercise powers properly belonging to different departments of the government—a thing expressly and arbitrarily forbidden by the Constitution itself. Sec. 2, Const., 1890; *State* v. *Armstrong, supra.*

Under these tests it would seem altogether useless to argue or cite authorities to sustain the contention that the office of deputy sheriff is incompatible with any office carrying with it the duties and functions properly belonging to another department of government, in this case the duties and functions of a justice of the peace. *State Bank* v. *Curran,* 10 Ark. 142; *Bamford* v. *Melvin,* 7 Me. 14; Sec. 2, Const., 1890 (Miss.); 29 Cyc. 1382, and authorities cited.

Taylor was *"ex officio* a justice of the peace in and for the corporate limits" of the towns of Sardis, and "a justice of the peace of the county—justice of the peace for a certain district." *Nickles* v. *Kendricks,* 73 Miss. 711; *Smith* v. *Jones, Trustee,* 65 Miss. 276.

In the instant case, Taylor, in so far as his acts are complained of, was acting in the capacity alone of a justice of the peace—attempting to perform acts that the mayor, as such, had no authority to perform, and which acts in no sense "properly belonged" to the executive branch of the government, but acts that did belong properly and "distinctively" to the judicial department. *State* v. *Armstrong, supra.*

If the two offices were incompatible, then when Taylor accepted the office of deputy sheriff and qualified as such officer, he thereby vacated the office of mayor and *ex officio* justice of the peace, and was afterward only rightfully and lawfully in the possession and exercising the duties of the office of deputy sheriff. And after qualifying as deputy sheriff, he rightfuly and lawfully then belonged as such only to the executive department, and under section 2 of the Constitution he was prohibited from exercising any power in whatever capacity properly belonging to another department of government; and when he did so—perform the act—"exercised the powers"—complained of in this case, his acts were in violation of the constitutional provision and void for any purpose, and such act may be questioned, even inci-

dentally, and be so declared by the court. *Shelby* v. *Alcorn,* 36 Miss. 273.

Finally, and without reference to any other fact or contention, it may be said that it is admitted in this record that Taylor was deputy sheriff, lawfully qualified and acting as such, and this being true, and the Constitution of the state forbidding him to perform any act, exercise any of the powers, belonging to any other department of government, that when he did perform any such prohibited act, acts belonging to another department of government, to wit: the judicial department, without reference to any capacity in which he might assume to act, these acts being prohibited must be held and declared to be absolutely void.

SYKES, J., delivered the opinion of the court.

The appellants, B. Altman & Co., instituted an attachment suit against Mrs. W. D. Wall in the court of T. J. Taylor, mayor of the town of Sardis, and *ex officio* justice of the peace in and for said town. The question before this court is whether or not said Taylor was either a *de facto* or a *de jure* justice of the peace at the time of the issuance of the attachment. The facts relating to this question are as follows: T. J. Taylor was elected mayor of the town of Sardis for a term of two years, and duly qualified as such and fulfilled the duties of the office for the term. One year after his said election he accepted and qualified as deputy sheriff of the county of Panola, and entered upon and fulfilled the duties of the office of deputy sheriff during the term of his appointment. At the time of the suing out of the attachment in this case he was acting both as mayor and *ex officio* justice of the peace, and also as deputy sheriff under this appointment. The appellee contends that under section 2 of article 1 of the Constitution of the state of Mississippi, which reads:

"No person or collection of persons, being one or belonging to one of these departments, shall exercise

any power properly belonging to either of the others. The acceptance of an office in either of said departments shall, of itself, and at once, vacate any and all offices held by the person so accepting in either of the other departments"

—that the said Taylor vacated the office of mayor and *ex officio* justice of the peace as soon as he qualified and entered upon the duties of the office of deputy sheriff, and that his act in issuing or attempting to issue the attachment in this case was a nullity and was absolutely void.

It is the contention of the appellant that the office of mayor is an executive one, under the authority of the case of *State* v. *Armstrong,* 91 Miss. 513, 44 So. 809, and that, the office of sheriff being also an executive office, then the acceptance of the second office was not violative of the above article of the Constitution. It is unnecessary for us to pass on this proposition in this case.

The agreed statement of facts shows that Taylor continued to exercise the duties of mayor and *ex officio* justice of the peace until his term of office as mayor expired. Consequently he was, to say the least, a *de facto* mayor and *ex officio* justice of the peace when he issued the writ of attachment. Section 3473 of the Code of 1906 makes the official acts of any person in possession of a public office and exercising the functions thereof valid and binding as official acts in regard to all persons interested or affected thereby, whether such persons be lawfully entitled to hold the office or not.

This question has been before this court where special judges were commissioned to try cases, owing to the disqualification of regular judges. In the case of *Powers* v. *State,* in 83 Miss. on page 702, 36 So. 8, the opinion is in part as follows:

". . . This being so, it brings us at last to the sole question of whether the acts of the special judge

are void for the reason only that he failed to take, be-fore entering upon the discharge of his duties, the oath prescribed by law. It is contended by counsel for appellant that, the oath of office being a constitutional requirement, it is indispensable to the legitimate exercise of any of the functions of office, and that the acts of such an incumbent cannot be upheld upon the ground that he is a *de facto* officer, for the reason, it is said, that he is not rightfully in possession and control of the office. This is a question on which a great variety of opinions has been expressed, and many authorities can be cited sustaining the contentions here made. We adopt, however, as the true view, that one in possession of an office, judicial or not, who exercises the functions of the position, is to be considered, as to all persons dealing with him, rightfully in possession of the office, and that his acts as such are valid and binding, and this, too, whether he fails to take the oath required, or even though it should be judicially determined that the law under which he was appointed or selected was unconstitutional. The orderly dispatch of business, the validity which is implied of all judicial decisions, the necessity that official acts should not be set aside by any future happening, and that rights vested and causes adjudicated by any tribunal should not afterwards be disturbed and unsettled for any cause, all demand the recognition of the rule, and show the reason and wisdom on which it is founded. In the instant case a disqualification existed as to the regular circuit judge, and the special judge who presided herein was duly appointed and commissioned to fill such position, and by virtue of such appointment he assumed such position and discharged the duties thereof. He was therefore not a usurper, but a *de facto* officer, and to his acts as such the law attaches validity. 'Where an office exists under the law, it matters not how the appointment of the incumbent is made, so far as the validity of his acts are concerned. It is

enough that he is clothed with the insignia of office and exercises its powers and functions.' Field, J., in *Norton v. Shelby Co.*, 118 U. S. 425 [Sup. Ct. 1121, 30 L. Ed. 178].''

*Reversed and remanded.*