COKER *v.* WILKINSON.*

(Division B. Feb. 8, 1926.)

[106 So. 886. No. 25374.]

1. STATUTES. *Later of conflicting clauses in statute prevails.*
   Later of two conflicting clauses in statute prevails.

2. STATUTES. *To be construed, if possible, to make parts harmonize and consistent with purpose and scope.*
   Statute must be construed, if possible, to make all parts harmonize and render them consistent with its purpose and scope.

3. STATUTES. *Repeal by implication not favored nor assumed to have been purpose.*
   Repeals by implication are not favored, and will not be assumed to have been purpose.

4. STATUTES. *One dealing with subject with particularity not repealed by later one in general terms, containing no negative words, unless repugnancy demonstrates purpose.*
   First statute dealing with subject with particularity is not repealed by later one in general terms, and containing no negative words, unless they are so repugnant as to demonstrate legislative purpose.

5. MUNICIPAL CORPORATIONS. *Marshal tax collector in towns and villages, and he may be collector in cities if mayor and aldermen so determine.*

(1)

Provisions of Code 1906, section 3375 (Hemingway's Code, section 5903), "The marshal . . . in towns and villages . . . shall be the tax collector, and may be in a city," and "the clerk or marshal may be tax collector, . . . if the mayor and board of aldermen shall so elect," are not inconsistent, but mean that in towns and villages marshal shall be tax collector, and in cities he or clerk may be tax collector if mayor and board of aldermen so determine.

6. MUNICIPAL CORPORATIONS. *Marshal, though tax collector, holder of separate offices, required to give bond and take oath for each.*
Though Code 1906, section 3375 (Hemingway's Code, section 5903), provides that in towns and villages the marshal shall be the tax collector, he is, in view of the enumeration therein of the officers of municipalities and the enumeration in section 3394 (section 5922) of the duties of the marshal, the holder of two separate and distinct offices, though, when elected to the office of marshal, he is also elected to the office of tax collector; and so he is required to take a separate oath of office and give a separate bond for each.

7. MUNICIPAL CORPORATIONS. *Mayor and aldermen performing duties of office without having qualified are de facto officers.*
The mayor and aldermen of a town, though they had not qualified for their offices as required by law, being in possession and exercising the functions of their respective offices, were *de facto* officers and their acts legal, so that they could have accepted and approved the bond of the marshal as tax collector had he tendered one as was his duty.

8. MUNICIPAL CORPORATIONS. *Marshal failing to qualify for office of tax collector not entitled to recover fees of one illegally elected to office.*
Marshal of town not having qualified for the office of tax collector before the commencement of his term, so that under Laws 1917, chapter 32, there was a vacancy in such office, and never having exercised the functions thereof, was not entitled to recover the fees and perquisites of the office received by another who occupied the office, though he was not legally elected thereto.

*Corpus Juris-Cyc. References: Statutes, 36 Cyc., pp. 1071, n. 25; 1087, n. 92; 1110, n. 54; 1128, n. 54; 1129, n. 59; 1147, n. 25. Towns, 38 Cyc., pp. 622, n. 26 New; 623, n. 40, 45; 626, n. 94; 655, n. 94.

APPEAL from chancery court of Bolivar county, second district.

HON. S. I. OSBORNE, Special Chancellor.

Suit by J. L. Wilkinson against R. L. Coker. Judgment for plaintiff, and defendant appeals. Reversed and judgment rendered.

*Clark, Roberts & Hallam,* for appellant.

The appellee filed his original bill in this cause, whereby he sought to recover from the appellant all amounts received by the appellant as compensation for collecting taxes and for issuing privilege licenses for the town of Shelby during the years 1923 and 1924. Coker, the defendant, answered the bill and the cause came on for trial, resulting in a decree for the complainant for the sum of one thousand five hundred twenty-four dollars and forty-six cents, with interest thereon at the rate of six per cent per annum from January 5, 1925. From this decree Coker appeals.

I. The position assumed by the complainant in the court below was that under section 5903, Hemingway's Code (section 3375, Code of 1906) the marshal of a town in this state is, by virtue of his office, *ex officio* tax collector of the town and as such entitled to discharge the duties and receive the emoluments of the office of tax collector. The evolution of this statute may be seen by reference to Code 1892, section 2978; Laws 1896, chapter 168; Laws 1904, chapter 156; Code 1906, section 3375; Laws 1910, chapter 201; Hemingway's Code, section 5903.

It is the contention of the appellant, first, that the provision of the statute, which provides that the clerk or marshal may be the tax collector if the mayor and board of aldermen shall so elect, repeals the former provision to the effect that the marshal in towns and villages shall be the tax collector. The two provisions are irreconcilable, as are all of the provisions of the statute; so that it was within the power of the mayor and board of aldermen of the town of Shelby to elect, as they have done, that the clerk of the municipality should be the tax collector.

And, second, if the court should not think this position tenable, that the still later sentence of the statute which provides that "all of the said municipal officers shall be elected by the people"—referring to the officers mentioned in the first clause of the section; viz., the mayor, aldermen, marshal, tax collector, clerk and street commissioner—repeals both of the former provisions, as it is equally true that this provision cannot be reconciled with either that clause of the section which provides that the marshal shall be the tax collector in towns and villages, or the other which provides that the mayor and board of aldermen may elect that either the clerk or the marshal shall be the tax collector.

If the appellant's first position is correct, then the appellant, having been elected as tax collector by the mayor and board of aldermen, was certainly legally entitled to the office and its emoluments and the appellee was not, for he was never at any time elected by the board to the office of tax collector.

If the second position is true, and it was necessary that the tax collector should be elected by the people, then neither the appellant nor the appellee was entitled to the office of tax collector, as neither was elected tax collector by the people of Shelby; but the appellant has as good title to the office as the appellee, neither having any. The appellant was an officer *de facto*.

Under either of these two views of the statute, the appellee was not entitled to the office any more than any other citizen of Shelby; and, therefore, has no more cause of action against appellant than would any such citizen.

That it is the law that, where two clauses of the same statute present an irreconcilable conflict as here, the latter clause prevails, is held in the case of *Gibbons* v. *Brittenum,* 56 Miss. 232.

Construing the statute under consideration in the light of the foregoing must make it clear that that clause of the statute which declares that the marshal shall be the tax collector is in conflict with and repealed by the later

provision that the clerk or marshal may be the tax collector in the event the mayor and board so elect; and that both of these provisions are in conflict with and repealed by the still later provision that the tax collector and marshal, with the other officers enumerated shall be elected by the people.

The titles to the various sections of the codes mentioned fully sustain our contention that it was the purpose and intention of the legislature in enacting that amendment upon which we lay particular stress; to-wit, that "all of said municipal officers shall be elected by the people," etc., to include therein all (the act says all) of the municipal officers, including the tax collector, in every municipality in the state. The title of the Act of 1904, by which act this amendment was inserted in the law, expressly so declares in these words, "To provide for the election of clerks, tax collectors and street commissioners of municipalities" (which last word embraces cities, towns and villages) *"by the people."* Being the last word of the legislature on the subject, passed after the other provisions referred to were enacted, in conflict with such provisions, and speaking a general rule, this provision must be held to repeal the former provisions and to prescribe the only rule that should govern. *Gibbons* v. *Brittenum,* 56 Miss. 232; *Swann* v. *Buck,* 40 Miss. 308; *State ex rel. Knox* v. *Wyoming Mfg. Co.,* 138 Miss. 249, 103 So. 11.

If we are right in either of the foregoing contentions, then the decree of the court below cannot be upheld.

II. The appellee was not entitled to recover because he never qualified as tax collector by taking the oath prescribed by law and the Constitution and executing bond to the municipality as such tax collector; and, therefore, even if he had been entitled to the office of tax collector in the first instance, a vacancy existed in the office of tax collector under chapter 230, Laws of 1917, as amended by chapter 230, Laws of 1924. If a vacancy existed in the office, the complainant was not the tax

collector and had no rights in the premises, either to the office or to the emoluments thereof. Under section 268 of the Constitution, all officers elected or appointed to any office in this state shall take the oath there prescribed.

It is nowhere intimated in this record that the appellee took the oath as tax collector. In order to qualify he must take the oath. It is doubtful from this record that he ever took the oath as marshal even. Under section 5828 of Hemingway's Code, it is made the duty of the mayor and board of aldermen "to require bonds with sureties for the performance of duties from all officers and employees." It will be presumed that the mayor and board of aldermen performed this duty, nothing appearing to the contrary. The appellee executed no bond as tax collector. He did not execute a bond as marshal until December, 1923, and this bond was not approved by the mayor and board of aldermen until the first meeting of the board in January, 1924. This bond was conditioned for the faithful performance of the duties of marshal only. The appellant executed a bond as clerk and also a bond in the penalty of three thousand dollars as tax collector and these two bonds were approved at the same time that the bond of the marshal was approved. If the board had not previously fixed the penalty of the bond of the tax collector as it will be presumed to have done, then the act of the board in approving the three thousand dollar bond of the tax collector is tantamount to fixing the penalty in the first instance. The appellee has never offered to take the oath of office as tax collector, and he has never even tendered a bond as tax collector, much less has he had a bond as tax collector approved by the board. He has never even offered to make a bond as tax collector, much less tendered one. *Andrews* v. *Covington*, 69 Miss. 740, 746, 747. Section 2992, Code of 1892, expressly declared that the tax collector should give bond, not as marshal but as tax collector; and under section 5917 of Hemingway's Code, all officers au-

_thorized by section 5903 "shall take the oath of office and execute bond to the municipality."

A suit on the bond of the marshal, given in view of these provisions of the statute, would not lie because of the failure to perform some duty of the office of tax collector. The duty to collect taxes was not included in the terms of the condition of the bond of the marshal or in the contemplation of the law requiring the bond. *Furlong* v. *State,* 58 Miss. 717; *Denio* v. *State,* 60 Miss. 949; *Fidelity & Guaranty Co.* v. *Yazoo City,* 116 Miss. 358; *Robertson* v. *Sanders,* 132 Miss. 848, 96 So. 750. Not having given the bond, the appellee was not entitled to compensation. *Com.* v. *Slifer* (Pa.), 64 Am. Dec. 680, 684.

*Shands, Elmore & Causey* and *Lucy Somerville,* for appellee.

I. The particular provisions of section 5903, Hemingway's Code, are: "The marshal may be the street commissioner; *and in towns and villages he shall be the tax collector,* and may be in a city. The street commissioner and clerk may be an alderman, and the clerk or marshal may be the tax collector or assessor, as the mayor and board of aldermen shall so elect."

It is appellant's contention that these two sentences are irreconcilable, and that one or the other must be ignored by the court in construing this section of the code. We submit that no such conflict is apparent, that the two sentences read together and properly interpreted, may each be given its full force and effect. It will be seen that this particular section of the code is drawn so as to apply to three classes of municipalities; that is, villages, towns and cities; and that the legislature in its wisdom has seen fit to make different provision in some instances for each class. With this in mind, the two sentences, which appellant argues are in hopeless conflict, can easily be rendered intelligible and consistent. They may be simply read as follows: "The marshal may be

the street commissioner, *and in towns and villages he shall be* the tax collector, and may be in a city. The street commissioner and clerk may be an alderman, and *the clerk or marshal may be the tax collector or assessor,* as the mayor and board of aldermen shall elect in municipalities not otherwise provided for; to-wit, cities." This construction does no violence to the language of the statute and enforces the entire statute.

Counsel for appellant argue, however, that the provision that the marshal in towns and villages shall be the tax collector is irreconcilable with its context, and is repealed by implication. Repeals by implication are not favored by the courts. This principle has been repeatedly announced by this court. It is stated in the cases cited by appellant and in the case of *Gibbons* v. *Brittenum,* 56 Miss. 232, which is apparently relied upon by appellant, and illustrates better than any quotation from the words of the court to what mental subtleties the court will resort in order to avoid repealing a statute by implication. See, also, *Deaton* v. *Burchart,* 59 Miss. 144; *Madison County* v. *Stuart,* 74 Miss. 160, 20 So. 857; *Richard* v. *Patterson,* 30 Miss. 583; *McAfee* v. *So. R. R. Co.,* 36 Miss. 669; *Pons* v. *State,* 49 Miss. 1; *Smith* v. *Vicksburg,* 54 Miss. 615; *Cumberland T. & T. Co.* v. *State,* 54 So. 446.

The court is under the positive duty of giving effect to the whole statute if they may possibly do so. This fundamental rule of statutory construction is stated well in *Adams* v. *Y. & M. V. R. R. Co.,* 75 Miss. 275, 22 So. 824. See, also, *Dixon* v. *Doe,* 1 Smed. & M. 70, at p. 103; *Martin* v. *O'Brien,* 34 Miss. 211; *Ellison* v. *R. R. Co.,* 36 Miss. 572; *Virden* v. *Bowers,* 55 Miss. 1; *Pointer* v. *Trotter,* 10 S. & M. 537.

Section 5903 in the provision that the marshal in towns and villages shall be the tax collector is plain and unequivocal, and the court below in recognizing and enforcing this sentence gives the reasonable and logical interpretation of the statute, and observed and followed the

duty of the court in giving full force and effect to the entire statute. This section provides and requires that the marshal in towns and villages shall be the tax collector and the lower court held that the marshal duly elected by the people of Shelby was also tax collector of Shelby, and that he had been wrongfully deprived of the office to which he had been elected by the people, and that he was entitled to the commissions of that office, and we submit that this holding of the lower court should be by this court affirmed.

II. The last argument presented by counsel is that as it does not affirmatively appear that appellee ever took any oath or gave any bond as tax collector, he is not and was not entitled to collect the taxes and receive the commissions therefor provided by order of the mayor and board of aldermen of the town of Shelby, as compensation for the doing of this work. The original bill alleges in its opening paragraph, "Complainant would respectfully show to the court that he was duly elected, and qualified in January, 1923, as marshal of the town of Shelby, Bolivar county, Mississippi, and has since that time held the office of marshal, and has undertaken to discharge all of the duties required of him as such officer."

In response to this allegation, appellant says in the second paragraph of his answer, "Defendant admits that complainant was elected as marshal of the town of Shelby as alleged in the bill, and has undertaken to discharge the duties required of him as such officer." It will be noted that there is no denial in the record that at the proper time appellee qualified as marshal of the town of Shelby. There being no denial of this allegation in the original bill for the purposes of this trial, it is admitted. The word qualified, as here used means the doing of all things required by law to authorize the officer to discharge all of the duties of his office, be those requirements whatever they may. *State* v. *Neibling,* 6 Ohio State 40.

As provided by statute, in a town the marshal "shall be the tax collector." It will be noted not that a certain individual may be tax collector, but that the man who holds the office of *marshal* shall be tax collector.

There is no ordinance as appears from the record fixing any bond to be executed by the tax collector of the town unless it be as contended by appellant that the approval of Coker's bond in January, 1924, operated by presumption to be the fixing of a bond as tax collector. We think no such presumption can be indulged, but if it can be, it would only be operative from January, 1924. So in January, 1923, when Wilkinson went into office, there was no act of the legislature or ordinance of the town of Shelby providing any separate or additional bond to be executed by the tax collector.

If we be correct in our construction of section 5903, then the collecting of taxes in the municipality was one of the duties of the marshal, and he was to collect the taxes by virtue of this tenure of office as marshal. It is argued by counsel that notwithstanding this, he would have to give an additional bond, though the statute does not provide for one. Under the Code of 1871 there was no statute providing that the tax collector should execute any bond. Prior to the Code of 1871 the duty of collecting taxes had been imposed upon the sheriff by virtue of his office and he had been required to execute a bond as tax collector, and it was provided that if he failed to execute such bond, then he vacated his office, but the Code of 1871 was silent as to the execution of any bond as tax collector. We have found no law in conflict herewith. A qualification as marshal qualified Wilkinson to collect the taxes and to receive the compensation provided therefor.

There is nothing in the contention to the effect that the tax collector in this case vacated his office on any supposition or presumption arising from the giving of another bond in December, 1923, which was approved in 1924. This question was considered very fully in *Knox County* v. *Johnson,* 24 N. E. 148.

The marshal cannot be said to have vacated his office by failure to give bond. Section 5906, Hemingway's Code provides: "All bonds payable to the municipality shall be approved by the mayor and board of aldermen," meaning we presume, a qualified mayor and board of aldermen. Under chapter 32, Laws of 1917, the term of office of the old-board expired at twelve o'clock, midnight, on the thirty-first day of December, 1922. So it appears that if chapter 32 of the Laws of 1917, is to be literally followed, there were no mayor and board of aldermen of the town of Shelby on the first day of January, 1923. Chapter 32, Laws of 1917, provides that if there be no person qualified to approve the bond of any officer at the time that he should give it, then his failure to give such bond and have it approved shall not operate to vacate his office.

*Clark, Roberts & Hallam,* for appellant on question propounded by the court.

"Conceding that Wilkinson and not Coker was entitled to the office, does it follow that the former can, under the law, recover from the latter the salary of the office illegally received by the latter?"

In a number of jurisdictions it is held that a *de jure* officer who has been wrongfully excluded from his office may recover from the state, county or municipality the salary incident to the office, even though the salary has previously been paid to the *de facto* officer who has discharged the duties of the office. 22 R. C. L., p. 541, sec. 240; Note, 19 L. R. A. 689; "Minority Rule," 4 Ann. Cas., p. 674; Ann. Cas. 1917D, 1134, Note, p. 1138. The majority rule, however, seems to be that there is no liability to a *de jure* officer in such case: 22 R. C. L., p. 543, sec. 241; *State* v. *Greeley,* 19 L. R. A. 689, and note; 4 Ann. Cas. 671 and Note 675; Note, Ann. Cas. 1917D, p. 1137. If the person claiming to be the *de jure* officer do not take possession of the office, or enter upon the discharge of its duties, he would have no claim against the

state for the salary. *McAfee* v. *Russell,* 29 Miss. 84, 97. There seems to be practical unanimity in the authorities in the holding that a *de jure* officer may sue the *de facto* officer or an intruder and recover the salary paid to the latter during the period the former is wrongfully excluded from the office. 22 R. C. L., p. 545, secs. 244, 245; 12 Ann. Cas. 888, Note 894, 895; Note 10 A. S. R. 284; *Jones* v. *Dusman,* Ann. Cas. 1916D, p. 472, Note, p. 474; Note 140 A. S. R. 194.

This court seems never to have expressly passed upon this question. In *McAfee* v. *Russell,* 29 Miss. 97, the court seems to have held that the duty was upon the one claiming the right to the office to file appropriate proceedings to try the title to the office, and that if he failed to do so, and waited until the one in possession of the office surrendered it to him, he could not recover. The question seems to have been pretermitted in the case of *Baker* v. *Nichola,* 111 Miss. 673.

It also seems to be the rule that before the *de jure* officer can maintain an action for the emoluments of the office, he must first establish his right to the office in some direct proceeding for that purpose. And the proper method is by *quo warranto.* Note 140 A. S. R., pp. 194, 195.

The *de jure* officer can recover of the *de facto* officer the emoluments of the office for the time subsequent to the *qualification* of the former *only. Sigur* v. *Crenshaw,* 10 La. Ann. 297; *Com.* v. *Slifer,* 25 Pa. St. 23, 64 Am. Dec. 680; *Jones* v. *Dusman,* Ann. Cas. 1916D, 472, 472. A vacancy occurs unless there is a qualification: *Hyde* v. *State,* 52 Miss. 665, 671. The theory upon which the *de jure* officer is permitted to recover the salary received by the *de facto* officer, under the adjudged cases, seems to be that the salary and emoluments of the office attach to the office itself and that the *de jure* officer has a vested right in them; but in this state it is held in *Hyde* v. *State, supra,* that: "The officeholder has no such vested right in the term, fees, salaries or duties of the position as will

prevent such legislation on those subjects as the public interest demands, provided in such legislation no provision of the state constitution is infringed." 52 Miss. 673.

The court asks whether Wilkinson (conceding that he was entitled to the office, which, we of course, do not concede) can recover of Coker the salary of the office "*illegally* received by the latter?"- The weight of authority seems to be that a *de facto* officer cannot sue for and recover the salary of the officer (*Matthews* v. *Copiah County,* 53 Miss. 715, 24 Am. Rep. 715; *Vicksburg* v. *Groome,* 24 So. 306) but that, having received the salary of the office, he may retain it against all the world, even the municipality paying it, except, in proper cases, the *de jure* officer. *Painter* v. *Polk County,* 25 A. S. R., 489; *Jones* v. *Dusman,* Ann. Cas. 1916D, 472. If Coker was the *de facto* officer, then he was entitled to receive the emoluments of the office, and their payment by the municipality to him was proper and under the weight of authority, constituted a defense to any claim of Wilkinson against the municipality therefor. He did not, therefore, in that sense receive them "illegally." If, however, as we have heretofore contended, and now contend, the compensation of the tax collector was not prescribed by law or ordinance, Wilkinson, even if he had served as tax collector, would have had no claim against the municipality for compensation for services rendered; and the payment of compensation by the municipality to Coker for services rendered as tax collector was "illegal" in the sense that the municipality had no right to pay compensation for such services not provided by law. In *Peterson* v. *Butte,* Ann. Cas. 1913B, 538, 540, it is said: "We have no difficulty in giving assent to the rule that when a public officer claims compensation for the performance of duties appertaining to his office, either by way of fees or salary, he must be able to support his claim by pointing out some provision of law authorizing him to demand it. In *McGillie* v. *Corby,* 37 Mont. 249,

95 Pac. 1063, 17 L. R. A. (N. S.) 1263, it was said: 'The right of a public officer to compensation for the performance of duties imposed upon him by law does not rest upon contract, but is incident to the right to hold office; and unless compensation is allowed by law, he may not lawfully demand payment as upon a *quantum meruit* for services rendered.' " *Bates* v. *St. Louis,* 77 A. S. R. 701, 702. This rule is approved by this court in *Hendricks* v. *Lowndes County,* 49 Miss. 612, 615; *Patty* v. *Sparkman,* 58 Miss. 76, 80; and *Myers* v. *Marshall County,* 55 Miss. 344, 347.

If we are correct in the contention that neither law nor ordinance has prescribed compensation to be payable to the tax collector of the town of Shelby, then Coker, if he received compensation as tax collector independent of his salary as clerk, received the same "illegally," and while the municipality might not be permitted to recover the amounts so paid, yet in receiving such payment Coker infringed no right of Wilkinson, his act in no way damaged Wilkinson by receiving that to which Wilkinson was not entitled.

*Shands, Elmore & Causey,* for appellee, on question propounded by the court.

The question is: "Conceding that Wilkinson, and not Coker, was entitled to the office, does it follow that the former can, under the law, recover from the latter the salary of the office illegally received by the latter?" Our answer is yes.

There is a substantial unanimity of judicial decisions on this question. There is collected in the note to the case of *Albright* v. *Sendoval,* 54 L. Ed. (U. S.) 502, virtually all of the cases on this subject. The case most frequently cited in the decisions is *Crietz* v. *Behrensmeyer,* 36 N. E. 983, 24 L. R. A. 59. Another case frequently cited is the case of *Bier* v. *Garrell,* 3 S. E. 30. See, also, *Baker* v. *Nichols,* 111 Miss. 673. The only case

that I have found in which a recovery was denied is the case of *Stuhr* v. *Curran,* a New Jersey case reported in 43 Amer. Rep. 353. I do not find, however, where this case has been followed by any other court.

ANDERSON, J., delivered the opinion of the court.

Appellee, J. L. Wilkinson, brought his bill in the chancery court of the second district of Bolivar county against appellant, R. L. Coker, to recover from the latter the fees and perquisites of the office of tax collector of the town of Shelby, received and enjoyed by appellant for the years of 1923 and 1924 while acting as such tax collector, upon the ground that appellant was a usurper of said office and appellee had been legally elected thereto and therefore entitled to such fees and perquisites. Appellee recovered a judgment for one thousand five hundred twenty-four dollars and forty-six cents, from which appellant prosecutes this appeal.

At a regular municipal election of the town of Shelby, which is a town and not a city, under the statute, appellant was elected town clerk of said municipality, and appellee was elected marshal thereof for the two-year term of 1923 and 1924. At the same time a mayor and board of aldermen for said town were elected. None of these officers, including appellant and appellee, gave bond, took the oath of office, or any other step to qualify for the performance of their official duties until the latter part of 1923. At the January, 1924, meeting of the mayor and board of aldermen, all of said officers tendered bonds for the faithful performance of their duties, which were approved by the mayor and board of aldermen under the authority of section 3378, Code of 1906 (Hemingway's Code, section 5906). The bond tendered by appellee recited that he had been elected marshal, and the condition of the bond was that he would faithfully perform the duties of that office. Appellee's bond was approved along with the other bonds of the officers of the town. He tendered no bond as tax collector.

Appellant's first contention is that he was legally e-lected tax collector of the town of Shelby, and was there-fore entitled to the emoluments of the office; that under section 3375, Code of 1906 (Hemingway's Code, section 5903), the mayor and board of aldermen had the author-ity to elect him to that office; while appellee's contention is that, under that statute in towns and villages (Shelby being a town) the marshal holds the office of tax collec-tor, and that the statute is mandatory to that effect.

Appellant argues that there are two conflicting clauses in the statute; the first, providing that in towns and vil-lages the marshal shall be the tax collector, and the one in the sentence following providing that if the mayor and board of aldermen shall so elect, the clerk or marshal may be tax collector; and that the latter clause being in conflict with the former and being the last expression of the legislature on the subject, must stand and the former go down under the principle of law that, where there are two conflicting provisions in the same statute, the last expression of the legislature must prevail over the former. Undoubtedly that principle of statutory construction is sound. The question is whether it applies to the statute here involved. There is another principle for the construction of statutes as well settled as that, which is that a statute must receive such a construction that it will, if possible, make all of its parts harmonize with each other and render them consistent with its pur-pose and scope. The entire statute must be so read that the "whole may have a harmonious and consistent op-eration." The object is to get at the design and scope of the statute. Only that construction will be justified which evidently carries out the purpose of the law. The entire legislation on the subject must be considered, and when the entire legislation on the subject consists of one statute, any conflicting provisions in the statute must, if reasonably possible, be reconciled so as to make the statute a consistent, workable scheme. *Adams v. Y. & M. V. R. R. Co.*, 75 Miss. 275, 22 So. 824. Repeal of statutes by implication will not be assumed to have been

the purpose of the legislature.    Such repeals are not favored.    Where one statute deals with a subject with particularity, and a later one in general terms, and contains no negative words, the rule is that the prior statute is not thereby repealed unless they are so repugnant as to demonstrate the legislative purpose to do so. *Madison County* v. *Stuart,* 74 Miss. 160, 20 So. 857.

The first clause of the statute involved dealing with the subject of who shall occupy the office of tax collector is in this language:

''The marshal may be the street commissioner; and in towns and villages *he shall be the tax collector,* and may be in a city.''    (Italics ours.)

In another sentence of the statute following that, this language is used:

''The clerk or marshal may be tax collector or assessor, if the mayor and board of aldermen shall so elect.''

Appellant argues that the first provision of the statute quoted, although mandatory in its terms, that in towns and villages the marshal shall be the tax collector, is repealed by the subsequent provision, equally mandatory, that the clerk may be tax collector if the board of aldermen shall so elect.    As we view the statute, those two provisions are not necessarily conflicting.    The last phrase in the first provision of the statute, ''and may be in a city,'' we think, is the key by which the two provisions may be reconciled and the statute made a consistent whole, giving both provisions the meaning intended by the legislature.    We are of the opinion that the true meaning of the statute is that in towns and villages the marshal shall be tax collector, and that in cities the clerk or marshal may be the tax collector if the mayor and board of aldermen shall so determine.    Appellee therefore was entitled to the office provided he qualified for entrance upon its duties as required by law.

Appellant contends, however, that appellee failed to qualify for the duties of the office as required by law,

142 Miss.—2.

on or before the commencement of his term of office, and therefore, under chapter 32, Laws of 1917, a vacancy occurred in the office, and whether the vacancy was legally filled or not is no concern of appellee. Chap-· ter 32, Laws of 1917, pp. 24, 25, provides, among other things, that if any person elected to any office, state, county, district, or municipal, "shall fail to qualify as required by law on or before the day of commencement of his term of office, . . . a vacancy in such office shall occur thereby."

Did appellee qualify, as required by law, on or before the day of commencement of his term of office? Appellee's position is that although he failed to give bond as marshal until the latter part of the year, 1923 (the first year of his term), he was inducted into the office of marshal and performed the duties of the office, and, in December, 1923, tendered bond to the mayor and board of aldermen for the faithful performance of the duties of the office of marshal, which was accepted and approved by the mayor and board of aldermen at their meeting in January, 1924; and, by virtue of being in possession of the marshal's office, he was *ex officio* tax collector, and no separate bond was required of him as such tax collector; that his bond, as marshal, covered his entire official duties both as marshal and tax collector. The question is resolved into this: Whether in towns and villages, the marshal, who is also tax collector, is the holder of one office or two offices. Is, as is contended by appellee, the marshal by virtue of his office the tax collector? We think that question is solvable by the plain language of the statutes on the subject. Section 3375, Code of 1906 (Hemingway's Code, section 5903), provides, among other things:

"That the officers of every municipality shall be a mayor, alderman, a marshal, a *tax collector* [italics ours], a clerk, a street commissioner, and, in cities and towns not having depositories, a treasurer."

Section 3394, Code of 1906 (Hemingway's Code, section 5922), provides that the marshal shall be *ex officio*

a constable, and shall be the chief of police thereof, and shall perform all other duties required of him by ordinance. Section 3331, Code of 1906 (Hemingway's Code, section 5828), provides that the mayor and board of aldermen shall prescribe by ordinance the duties and fix the compensation of officers and employees, and require bonds with sureties for the performance of their official duties. Section 3378, Code of 1906 (Hemingway's Code, section 5906), provides, among other things, that "all bonds payable to the municipality shall be approved by the mayor and board of aldermen" thereof. Section 268 of the Constitution provides that all officers elected or appointed to any office in this state, except judges and members of the legislature, shall, before entering upon the discharge of their duties, subscribe to the oath of office laid down in that section of the Constitution.

We are of the opinion that in towns and villages, as well as in cities, the offices of marshal and tax collector are two separate and distinct offices; that in towns and villages, when one is elected to the office of marshal, he is also elected to the office of tax collector, and that the duties of the two offices are separate and distinct; that a separate oath of office for each of said offices is required, as well as a separate bond properly conditioned for the faithful performance of the duties of the office for which it is given. Appellee failed to comply with the law in that respect, which, we think, resulted, under chapter 32, Laws of 1917, in a vacancy of the office of tax collector.

The argument that the mayor and board of aldermen could not accept and approve appellee's bond at the beginning of his term, or at any other time during the year 1923, because they had not themselves qualified for their offices as required by law, is without merit. They were exercising the functions of their respective offices, and were therefore *de facto* officers under the law, and their acts were legal. Section 3473, Code of 1906 (Hemingway's Code, section 2811), expressly so declares.

*Greene* v. *Rienzi,* 87 Miss. 463, 40 So. 17, 112 Am. St. Rep. 449; *Altman* v. *Wall,* 111 Miss. 198, 71 So. 318.

Appellee was never inducted into the office of tax collector. He never exercised the functions of the office. That was being done by appellant. Appellee held the office of marshal, an office separate and distinct from that of tax collector. He should have taken oath of office of tax collector, should have given a separate bond as such properly conditioned, and should have tendered his bond for acceptance and approval to the mayor and board of aldermen—and all of which should have been done before the commencement of his term of office. Not having been done, there was, under chapter 32, Laws of 1917, a vacancy in the office of tax collector which was filled by the election of appellant to the position. It is true that there was no authority for the election of appellant, but, nevertheless, the appellee had no more right to the office than the appellant.

*Reversed, and judgment here for appellant.*